UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                           BANKRUPTCY CASE NO. 10-13202

RICHARD J. SUTTON,
d/b/a The Tool Guy,

    Debtor.
_____/

JEFF. A. MOYER,

       Plaintiff,                                 ADVERSARY PROCEEDING NO. 11-80271

v.                                                               DISTRICT COURT CASE NO. 1:12-CV-630

RYAN T. SHAY,                                                    HON. ROBERT J. JONKER

       Defendant.
_____/

**ORDER**

      This case comes before the Court on Report and Recommendation from the Bankruptcy Court for the Western District of Michigan (docket # 1).  Plaintiff, Jeff. A. Moyer, the Chapter 7 Trustee in this matter, filed a complaint to recover an account receivable due Debtor and seeking a money judgment in the amount of $ 2,260.48, together with costs and attorney fees of $ 750.00, for a total judgment of $ 3,010.48.  (docket # 1-1, at 2 (citing 11 U.S.C. § 542(b).)  Defendant failed to answer the complaint, and Plaintiff subsequently filed a motion for entry of a default judgment against Defendant.  (*Id.*)  The Bankruptcy Court held a hearing on November 3, 2011, and again on January 5, 2012, to address Plaintiff's motion, but Defendant did not appear.  (*Id.*)  The Bankruptcy Court's Report and Recommendation followed.  (*Id.*)

      In its Report and Recommendation, the Bankruptcy Court concluded that default judgment

against Defendant was appropriate.  The Bankruptcy Court declined to enter final judgment in this matter, however, because it believed it did not have constitutional authority to enter a final judgment in this matter and therefore submitted its Report and Recommendation to this Court for the entry of judgment.  *Id.* (citing *Moyer v. Koloseik (In re Sutton)*, ___ B.R. ___, 2012 WL 1605591 (Bankr. W.D. Mich. 2012) and *Meoli v. Huntington Nat'l Bank (In re Teleservices Group, Inc.*), 456 B.R. 318 (Bankr. W.D. Mich. 2011).

After reviewing the Bankruptcy Court's Report and Recommendation and the record below, the Court grants Plaintiff's motion for default and enters a money judgment in favor of Plaintiff against Defendant in the amount of $ 3,010.48 as recommended by the Bankruptcy Court.  While the Court acknowledges the uncertainty *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), created regarding the constitutional authority of bankruptcy courts to enter final judgment in certain proceedings, the Court does not believe *Stern* affects the Bankruptcy Court's authority to enter a default judgment in this action.  However, it is undisputed the Court has jurisdiction to enter judgment in this matter, and the Bankruptcy Court's reference of the matter to the Court does not constitute reversible error.  *Cf. In re Burkman Supply, Inc.*, 217 B.R. 223, 223 (W.D. Mich. 1998) ("[T]he fact that the bankruptcy judge in this matter took the additional step and submitted this matter to the Court by way of a report and recommendation does not constitute reversible error.").  Therefore, in order to resolve this matter in an expeditious, efficient, and cost-effective manner, the Court adopts the Bankruptcy Court's recommendation to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED**.

The Clerk of Court shall enter Judgment.

Dated:   July 23, 2012            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE